IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL PEREZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:18-00528-JB-N |
| | ) |
| UNIVERSITY OF SOUTH ALABAMA, | ) |
| | ) |
| Defendant. | ) |

**OPINION and ORDER**

This matter comes before the Court on Defendant University of South Alabama's Motion to Dismiss. (Doc. 7). That Motion has been briefed and is now ripe for disposition.

I. Background.[1]

Plaintiff Michael Perez was a graduate student in the University of South Alabama's Interdisciplinary Graduate Program in Basic Medical Sciences (BMS) from August 2010 until May 25, 2016. (Doc. 1). After having twice failed a required exam consisting of both written and oral portions, Mr. Perez notified the University in July 2015 of a need for testing accommodations. He met with a faculty advocate and participated in an appeal hearing in August 2015 and was granted a third attempt at the exam which he took in February 2016. He passed the written portion but failed the oral portion. Mr. Perez filed an institutional grievance in May 2016 alleging that the BMS program's oral exam policy was discriminatory against students with disabilities in speaking skills. On May 25, 2016, Mr. Perez was dismissed from the BMS program for failing the

---

[1] For purposes of a motion to dismiss, the facts stated in the complaint are taken as true. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). The background facts are taken directly from the Complaint and documents attached thereto.

qualifying exam. In July 2016, Mr. Perez filed a second institutional grievance alleging violation of the ADA and also filed a complaint with the Department of Education Office for Civil Rights (OCR) against the University alleging violations of the ADA and the Rehabilitation Act. The University engaged with Mr. Perez in an informal resolution process, and while the University agreed to comply with certain of his requests, Mr. Perez was notified that he would not be reinstated to the BMS graduate program. On December 5, 2017, Mr. Perez was notified the OCR investigation was concluded before a final determination.

In May 2018, Mr. Perez filed a complaint with the Department of Justice Civil Rights Division Disability Rights Section alleging an ADA violation by the University. The Department declined to take action.

Mr. Perez sued on December 18, 2018, alleging that the University discriminated against him based on disability during the 2015-2016 school year and when it dismissed him from the graduate program on May 25, 2016. Mr. Perez alleged the University's action violated Section 504 [of the Rehabilitation Act] and Title II [of the ADA]. The University filed a Motion to Dismiss the Complaint, alleging that Mr. Perez filed his Complaint after the statute of limitations had run. (Doc. 7).

## II. Analysis.

### a. Mr. Perez's Claim is Untimely.

Mr. Perez must bring his claim "within 2 years" after the cause of action arose. Ala. Code § 6-2-38(l); *see also Horsley v. University of Alabama*, 564 F. App'x 1006, 1008 (11th Cir. 2014)(applying Ala. Code § 6-2-38(l) and its two year statute of limitations to claims under Title II of the ADA and the Rehabilitation Act); *Everett v. Cobb County Sch. Dist.*, 138 F.3d 1407, 1409

(11th Cir. 1998)(applying Alabama's two-year statute of limitations); *see also Brown v. Mobile County Com'rs*, No. 14-00343-KD-C, 2015 WL 1444965, at *6 n.7 (S.D. Ala. Mar. 30, 2015)("Because the events described by the Plaintiff occurred in 2010 . . . and the Plaintiff did not file her Complaint until 2014 . . . any claim arising from those events would be barred by the two- year statute.")(dismissing plaintiff's Title II disability discrimination claim).

"A limitations period runs when a cause of action accrues." *Horsley*, 594 F. App'x at 1008 (citing *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir.1996)). The period accrues when the plaintiff knows or should know both the fact that he has suffered an injury that supports his complaint and also who has inflicted the injury. *Id*. (citing *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir.2003)). Although Mr. Perez pursued requests for reconsideration of the University's decision[2] and appeals to administrative agencies,[3] these actions do not toll running of the two-year statute of limitations.

Here, there is complete agreement among the parties that Mr. Perez's dismissal from the program was on May 25, 2016. This is the date on which the alleged discrimination occurred. To be timely, Mr. Perez would have had to sue not later than May 25, 2018. His subsequent grievances in July 2016 to the University and OCR demonstrate that Mr. Perez knew he suffered

---

[2] A plaintiff's request for a defendant's reconsideration of an adverse decision does not constitute a new act of discrimination or otherwise toll the statute of limitations. *Everett*, 138 F.3d at 1410 ("Failure to remedy a prior act of discrimination does not constitute a new act of discrimination for the purpose of determining whether a claim is time barred."); *see also Horsley v. Univ. of Ala.*, 2013 WL 12089495, at *5 (N.D. Ala. June 27, 2013)("Although Horsley continued to appeal UA's findings regarding her discrimination claims and requests to have her grades changed, these extended administrative proceedings are insufficient to warrant the remedy of equitable tolling."), *aff'd*, 564 F. App'x at 1009 ("While it is true that Horsley was actively pursuing numerous appeals during the intervening period between the time she suffered the injury and her complaint, she has alleged no reason that she could not have concurrently pursued a federal court action.").

[3] A pending administrative proceeding does not toll the statute of limitations either. *Hunt v. Ga. Dept. of Cmty. Affairs*, 490 F. App'x 196, 198 (11th Cir. 2012)("[W]e have previously rejected the contention that pro se status, ignorance of the judicial process or slow administrative proceedings warrant application of equitable tolling.").

an injury and who inflicted it. His May, 2018 complaint to the Department of Justice Civil Rights Division Disability Rights Section does not constitute new acts of discrimination that could toll the statute of limitations. Therefore, Mr. Perez's complaint filed on December 18, 2018, is barred by the two-year statute of limitations and is due to be dismissed.

Mr. Perez's claims accrued over two years before he sued the University, and are therefore time-barred. "[W]e are not free to construe [the statute of limitations] so as to defeat its obvious purpose, which is to encourage the prompt presentation of claims." *McCullough v. United States*, 607 F.3d 1355, 1362 (11th Cir. 2010).

### b. Mr. Perez's Claim Is Not Saved by Equitable Tolling.

As shown by the previous discussion, Mr. Perez's claims against the University of South Alabama were subject to the two-year limitations period specified in Section 6-2-38(l) of the Alabama Code, but they accrued over two and a half years before plaintiff filed the Complaint. Notwithstanding these findings, Mr. Perez urges the Court to deem his claims timely under principles of equitable tolling.

#### i. Circumstances Underlying Mr. Perez's Equitable Argument.

The facts upon which Mr. Perez bases his request for equitable tolling are simple and undisputed. On July 14, 2016, about a month and a half after Perez was dismissed from the BMS program he filed an unlawful discrimination complaint with the Department of Education Office of Civil Rights. The Department of Education investigated Mr. Perez's claim until December 5, 2017, when it notified him the investigation was being terminated before a final decision on the merits was made. Five months later, in May, 2018, Mr. Perez filed an unlawful discrimination complaint with the Department of Justice Civil Rights Division. In June, 2018, the Department of

Justice informed Mr. Perez it would not be taking action on his complaint. Mr. Perez then filed the present lawsuit, but not until December 18, 2018.

### ii. Equitable Tolling Does Not Apply In This Case.

"Equitable tolling is a form of extraordinary relief that courts have extended only sparingly." *Bhd. of Locomotive Engineers & Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc.*, 522 F.3d 1190, 1197 (11th Cir. 2008); *see also Wallace v. Kato*, 549 U.S. 384, 396, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007) ("Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs."). In this Circuit, equitable tolling is appropriate only when a movant "untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence. … The plaintiff bears the burden of showing that such extraordinary circumstances exist." *Bhd. of Locomotive Engineers*, 522 F.3d at 1197 (citations and internal quotation marks omitted); *see also Bray v. Bank of Am., N.A.*, 763 F. App'x 808, 811 (11th Cir. 2019)(noting plaintiff "failed to demonstrate that his untimely filing in this case was the result of extraordinary circumstances that were both out of his control and unavoidable through diligence."); *Horsley*, 564 F. App'x at 1009 (denying request for equitable tolling where plaintiff "asserted no facts in her complaint indicating that her untimely filing was the result of circumstances beyond her control and unavoidable even with diligence."); *Crist v. Carnival Corp.*, 410 Fed. Appx. 197, 203 (11th Cir. Dec. 2, 2010) (frowning on notion that "a plaintiff could use equitable tolling to excuse what is simply

garden-variety negligence"); *Jackson v. Astrue*, 506 F.3d 1349, 1356 (11th Cir. 2007)(noting the court has defined "extraordinary circumstances" narrowly).[4]

On this record, Mr. Perez has not made the requisite showing of extraordinary circumstances both beyond his control and unavoidable even with diligence. Mr. Perez does not allege that anyone associated with the University of South Alabama ever misled him about the facts, or that he had no way of discovering facts about the timing of his dismissal from the University. Mr. Perez admits and confirms: (i) he was dismissed from the BMS program on May 25, 2016; (ii) he filed a complaint with the Department of Education on July 14, 2016; (iii) the Department of Education discrimination complaint was concluded without finding on December 5, 2017; (iv) he filed a discrimination complaint with the Department of Justice in May, 2018; (v) the Department of Justice declined to take action on his Complaint in June, 2018; and (vi) he filed the present action on December 18, 2018.

Mr. Perez contends that the rules of the Department of Education Office for Civil Rights laid out in its Claim Processing Manual precluded him from bringing the present action during the pendency of his claim because the Department of Education would have dismissed his claim. Although the Claims Processing Manual does state a Department of Education claim will be dismissed if the same allegations form the basis of a court case, the rules also provide that a claim may be re-filed within 60 days of the termination of the court proceeding if there is no final decision on the merits.[5]

---

[4] The Eleventh Circuit has found that "equitable tolling is appropriate in situations where the defendant misleads the plaintiff, allowing the statutory period to lapse; or when the plaintiff has no reasonable way of discovering the wrong perpetrated against her." *Cabello v. Fernandez-Larios*, 402 F.3d 1148, 1155 (11th Cir. 2005).

[5] The Department of Education Officer for Civil Rights Claim Processing Manual states "An OCT complaint may be re-filed within 60 days following termination of the court proceeding if there has been no decision on the merits or settlement of the complaint allegations." Section 108(i).

Perhaps Mr. Perez brought his claim to the Department of Education first because the Claims Processing Manual indicates such a complaint must be brought within 180 days of the alleged discrimination. *See* Section 106. The Claims Processing Manual indicates the Office for Civil Rights may grant a waiver of the time requirements if a complaint is made over 180 days after the alleged discrimination when a lawsuit was filed within that time. (*Id*.). Such a complaint could then receive a waiver of the Department of Education timeliness requirements if the court action had not produced a final determination. (*Id*.). The rules governing this Court have no similar procedure.

Mr. Perez received his notice that the Department of Education terminated its investigation of his complaint on December 5, 2017. As of this date, the statute of limitations had not yet run. Mr. Perez did not sue until December 18, 2018, more than one year after he learned that the Department of Education had terminated its investigation into his discrimination complaint. Had he filed the present Complaint anytime between December 5, 2017 and May 25, 2018, such filing would have satisfied the statute of limitations. He did not. Instead, Mr. Perez filed a complaint with the Department of Justice in May, 2018. In June, 2018, the Department of Justice notified Mr. Perez it would take no action on his complaint. Mr. Perez then waited until December 18, 2018 to file the present action.

It appears Mr. Perez invokes equitable tolling to rescue him from the adverse consequences of several decisions that proved to be ill advised. Where a legal error or mistake by a plaintiff has resulted in a failure to timely to file a complaint, courts have routinely deemed such circumstances not to warrant application of equitable tolling. *See generally Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Mere attorney negligence does not justify equitable

tolling."); *Wakefield v. Railroad Retirement Bd.*, 131 F.3d 967, 970 (11th Cir. 1997) (rejecting an argument that delays in the administrative process justified application of equitable tolling); *Justice v. United States*, 6 F.3d 1474, 1480 (11th Cir. 1993) ("Principles of equitable tolling … do not extend to what is at best a garden variety claim of excusable neglect.") (citation omitted); *Gant v. Jefferson Energy Co-op.*, 2009 WL 2993827, *2 (11th Cir. Sept. 21, 2009) ("equitable tolling does not apply in his case because the negligence of an attorney will not excuse lack of timeliness").

There is nothing unfair, unjust, or inequitable about holding Mr. Perez to the letter of the two-year limitations period for his claims. Mr. Perez knew the facts surrounding his discrimination claim immediately when he contends it occurred. Mr. Perez pursued his claim with two federal agencies during the time his statute of limitation was running before ever attempting to initiate the present action. Mr. Perez elected to proceed before the Department of Education and the Department of Justice before attempting to file a case in this Court. Mr. Perez has presented no facts which would suggest anyone associated with the University of South Alabama misled him regarding suing or any other "extraordinary circumstances" to support his request for equitable tolling. Nothing in these facts and circumstances justifies application of the extraordinary remedy of equitable tolling to Mr. Perez's untimely filing, which he could have avoided.

### III. Conclusion.

Defendant's Motion to Dismiss (Doc. 7) is granted. Because Mr. Perez's claim is time-barred and because the narrow doctrine of equitable tolling has no application here, this action is dismissed with prejudice.

DONE and ORDERED this 15th day of August, 2019.

/s/ JEFFREY U. BEAVERSTOCK
UNITED STATES DISTRICT JUDGE